IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 15-cv-01453-RPM

CHARLES FURBER as Personal Representative of the
Estate of Christina Furber, Deceased,

      Plaintiff,
v.

SGT. SHELLY TAYLOR,
CITY OF PUEBLO,
CAPT. DON LEACH,

      Defendants.

_____

ORDER FOR DISMISSAL
_____

      This is a civil action by Charles Furber, personal representative of the Estate of Christine Furber, Deceased, for the wrongful death of his daughter seeking damages under 42 U.S.C. § 1983, alleging that her death was caused by an unlawful entry, stop and seizure in violation of the Fourth Amendment to the United States Constitution by the defendant Sgt. Shelly Taylor, a City of Pueblo, Colorado, Police Officer.  In addition to Sgt. Taylor, the City of Pueblo and Captain Don Leach of the Pueblo County Sheriff's Office are defendants.

      The plaintiff alleges that on September 8, 2014, at approximately 9:45 in the evening, Shelly Taylor, a Sergeant in the City of Pueblo, Colorado, Police Department, was off duty, driving home in her private automobile, when she was passed by a red sports car at a high rate of speed.  She pursued that car, which turned into the driveway of a private residence at 1043 Wild Wind Pl. in Pueblo West, outside the Pueblo City

limits. The house sits alone on a dead end unpaved street with a semi-circular driveway and another driveway leading to a private parking area. A horse barn is at the end of the driveway.

On that night two sedans, a truck, a horse trailer and a travel trailer were parked on the side of the house. The barn is located about 30 feet from the back door of the house. A boat and trailer were at the side of the barn towards the house. A fence is behind the barn and an open field is between the property and the next residence.

Suspecting that the driver of the red car was under the influence and had been driving recklessly, Sgt. Taylor unsuccessfully attempted to contact the Pueblo County Sheriff's Office. The driver of the sports car was Christina Furber who lived with her parents, Charles Furber and Carolyn Furber, at the residence. Sgt. Taylor drove up the driveway toward the barn. When Ms. Furber turned her vehicle around, facing down the driveway, she saw Sgt. Taylor's private vehicle approaching, causing her to take defensive measures, driving in a semi-circle from the front of the barn to the rear of the barn. Sgt. Taylor parked her car by the horse trailer. Ms. Furber came out from behind the barn and Sgt. Taylor, wearing her police uniform, confronted Ms. Furber and directed her to sit on the horse trailer. Sgt. Taylor called 911 and told the operator she had a suspect, giving the location. Ms. Furber pulled a revolver from her purse and there was an "exchange of gunfire." Ms. Furber ran away from the scene and Sheriff's officers conducted a neighborhood search for her.

The complaint's allegations include the following paragraphs:

> 25. Ms. Furber's body was not found until the next day, in the trunk of the next door neighbor's car. Police investigators found the trunk lid open and the rear seat pulled forward. They found her body lying with her

feet toward the trunk deck and her head toward the backside of the rear seats. She had a revolver in her right hand and a gunshot wound with the bullet entering the right temporal lobe. Her left leg was bent at the knee with her thigh and calf resting on the floor of the trunk. Her right leg was in an upright position with her foot resting on the floor of the trunk. She had soiled herself. Police investigators believe this happened as she was fleeing the scene.

26. The official report is that Christina Furber committed suicide.

27. The evidence, however, indicates an alternate scenario--Ms. Furber is trying to hide and evade the officer's attempt to arrest her in her backyard; she is out of breath; tired from running; and desperately seeking to quickly hide; she comes to the garage and opens the trunk and the rear seat for oxygen; she is crawling into the trunk holding the gun; she seeks to close the truck lid with one hand while holding the gun very close to her head with the other hand; she is concentrating on closing the lid rather than thinking about her finger on the trigger of the gun; there is accidental discharge resulting in her death. She is discovered on September 9, 2014.

The plaintiff's "First Set of Claims For Relief" allege that Sgt. Taylor made a warrantless home entry into the curtilage of the Furber home, made a wrongful seizure of Ms. Furber and use of force causing her death for which damages are sought. In the "Next Claim for Relief" the plaintiff claims the City of Pueblo is liable for these damages because of inadequate training.

The City and Sgt. Taylor moved to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6). They assert that exigent circumstances justified Sgt. Talyor's pursuit of the red car because of a reasonable belief that the driver was under the influence and was driving recklessly. That argument is rejected because there is a plausible claim that this officer had no authority to pursue and stop this automobile when she was driving her private car and was outside of her jurisdiction. Ms. Furber could reasonably have

believed that she was being pursued by someone with criminal intentions and was not

aware that the pursuing vehicle was driven by a police officer.

The plaintiff's claim fails because it is not plausible that this presumed Fourth Amendment violation caused the death of Christina Furber.  Accepting that the gun discharged by accident, the fact is that she fled the scene after seeing that Sgt. Taylor was in full police uniform. That fact destroys any chain of causation.  It is not plausible to find that but for this traffic stop Christina would be alive.  It is undisputed that she shot at Sgt. Taylor who also shot at her and Christina's flight was not to protect herself but was to avoid any arrest.

The plaintiff seeks injunctive relief requiring the City and Captain Leach to correct "false reports" of this incident that wrongfully impugned the reputation of the decedent. This court is asked to require Captain Leach to revise his report to include a statement that Sgt. Taylor violated the Fourth Amendment; that the Pueblo Chief of Police discipline Sgt. Taylor and circulate to news organizations that Sgt. Taylor was disciplined.  Such relief is not available under § 1983.  The common law is that a claim for injury to reputation is not actionable after death.

In addition to their motion to dismiss, the City defendants filed a motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927.  The latter statute is not applicable to a complaint.  The Rule 11 sanction is not warranted because the plaintiff did adequately allege a Fourth Amendment claim based on the stop of the decedent.

Upon the foregoing, it is

ORDERED, that this civil action is dismissed and the motion for sanctions is denied.

DATED:   November 19, 2015

4

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge